UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEAN MINNERATH,<br><br>Defendant. | CR 20- *10050*<br><br>PLEA AGREEMENT |

The Defendant, the Defendant's attorney, and the United States Attorney for the District of South Dakota hereby submit the following Plea Agreement to the United States District Court, which Agreement was reached pursuant to discussions between the United States Attorney and the Defendant's attorney. The Agreement is as follows:

**1.    ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDERSTANDING OF MAXIMUM PENALTIES:** The Defendant agrees that he has been fully advised of his statutory and constitutional rights herein, and that he has been informed of the charges and allegations against him and the penalty therefor, and that he understands same. The Defendant further agrees that he understands that by entering a plea of guilty as set forth hereafter, he will be waiving certain statutory and constitutional rights to which he is otherwise entitled.

2. **PLEA AGREEMENT PROCEDURE – NO RIGHT TO WITHDRAW PLEA IF COURT REJECTS RECOMMENDATION:** The United States and the Defendant agree that this Plea Agreement is presented to the Court pursuant to Rules 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, which, among other things, authorize the United States to not bring other charges and to agree that it will recommend, or agree not to oppose, the Defendant's request that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor, does or does not apply.  Such agreements and recommendations are not binding on the Court, and the Defendant may not withdraw his plea of guilty if the Court rejects them.

3. **PLEA OF GUILTY TO CHARGE:** The Defendant will plead guilty to an Information charging Making and Subscribing a False Income Tax Return, in violation of 26 U.S.C. § 7206(1).

Making and Subscribing a False Income Tax Return carries a maximum sentence of 3 years in prison, a $100,000 fine, or both, together with the costs of prosecution, and a period of supervised release of 1 year.  If the Defendant is found by a preponderance of evidence to have violated a condition of supervised release, he may be incarcerated for an additional term of up to 1 year on any such revocation.

For each count of conviction, the Defendant will be ordered to pay restitution and a special assessment of $100.00 to the victims' assistance fund. Forfeiture may also be ordered.

4.  **VIOLATION OF TERMS AND CONDITIONS:** The Defendant acknowledges and understands that if he violates the terms of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, this Plea Agreement shall become voidable at the discretion of the United States and the Defendant will face the following consequences:

(1) All testimony and other information the Defendant has provided at any time to attorneys, employees, or law enforcement officers of the United States, to the Court, or to the federal grand jury may and will be used against him in any prosecution or proceeding.

(2) The United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the Defendant, and to use any information obtained directly or indirectly from him in those additional prosecutions.

(3) The United States will be released from any obligations, agreements, or restrictions imposed upon it under this Plea Agreement.

5.  **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that based upon the information known to it at this time, the Defendant is entitled to a two-level decrease in his offense level pursuant to U.S.S.G. § 3E1.1(a), provided no evidence is disclosed in the presentence report which indicates the Defendant has not demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and further provided he: (1) complies with the terms of this Plea Agreement; (2) testifies truthfully during the change of plea hearing; (3) participates truthfully with the

Probation Office in the presentence investigation; (4) does not violate any conditions of pretrial detention or release after he signs this agreement; and (5) continues to exhibit conduct consistent with acceptance of responsibility. Both the United States and the Defendant otherwise reserve the right to present evidence and make argument regarding sentencing.

The United States agrees that the Defendant has timely notified authorities of his intention to enter a plea of guilty thereby permitting the United States and the Court to allocate their resources efficiently. Therefore, if the offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) is level 16 or greater and the Defendant qualifies for a two-level decrease under U.S.S.G. § 3E1.1(a), this provision shall be treated at the sentencing hearing as a motion pursuant to U.S.S.G. § 3E1.1(b) to decrease the offense level by one additional level.

**6. GOVERNMENT'S RECOMMENDATION REGARDING SENTENCE – LOW-END OF THE GUIDELINE RANGE:** The Defendant and the United States understand and agree that the Court will determine the applicable Guideline range after reviewing the presentence report and considering any evidence or arguments submitted at the sentencing hearing. The United States agrees that it will recommend that the Court impose a sentence of imprisonment at the low-end of the applicable Guideline range. The Defendant understands that any recommendation made by him or the United States is not binding on the Court. The Defendant further understands that he may not withdraw his plea of guilty if the Court rejects any recommendation.

The United States reserves the right to present evidence and argument as to what it believes the applicable Guideline range should be and to respond to any request for a sentence below the applicable Guideline range. For the purposes of this agreement, the "applicable Guideline range" is the range found by the Court by reference to the Sentencing Table at U.S.S.G. § 5A based on the Defendant's total offense level and criminal history before adjustments, if any, are made based on a downward departure, an 18 U.S.C. § 3553(e) sentencing factor, or other variance.

7. **SPECIAL ASSESSMENT:** The Defendant agrees to remit to the U.S. Clerk of Court, 400 S. Phillips Avenue, Sioux Falls, SD 57104, no later than two weeks prior to sentencing, a certified or cashier's check payable to the "U.S. Clerk of Court" in the amount of $100.00, in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 3013.

8. **RESTITUTION – AGREEMENT TO PAY:** Pursuant to 18 U.S.C. §§ 3663 and 3663A, the Defendant hereby agrees to pay restitution as follows:

   A. Defendant agrees to pay restitution to the Internal Revenue Service for the unpaid taxes of $1,358,990, pursuant to 18 U.S.C. § 3663(a)(3). Defendant understands and agrees that this figure does not include interest on the unpaid tax amount of $1,358,990, under 26 U.S.C. § 6601, which will be assessed by the IRS pursuant to title 26.

   B. Defendant agrees that the total amount of restitution reflected in this agreement results from Defendant's conduct. The total amount of restitution, not including interest, consists of the following:

| Tax Year | Additional Tax Owed |
|---|---|
| 2009 | $ 155,825 |
| 2010 | $ 156,339 |
| 2011 | $ 188,098 |
| 2012 | $ 222,555 |
| 2013 | $ 237,200 |
| 2014 | $ 398,973 |
| Total additional tax | $1,358,990 |

C. Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

D. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. See 26 U.S.C. § 6201. Neither the existence of a restitution payment schedule, nor Defendant's timely payment of restitution according to that schedule, will preclude the IRS from immediately collecting the full amount of the restitution-based assessment. Interest on the restitution-based assessment will accrue under 26 U.S.C. § 6601 from the last date prescribed for payment of the tax liability that is the subject of the restitution-based assessment to the date that the IRS receives full payment.

E. Defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. Defendant understands and agrees that the plea agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest, and penalties from Defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period and that satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability. Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution based assessments.

F. Defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

G. If full payment cannot be made immediately, Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433 –Aa and Form 433 –B, as appropriate), and to discuss and disclose to the IRS any and all additional financial information and financial statements provided to the probation office. Defendant also agrees to provide the above-described information to the probation office.

H. If Defendant makes a payment of the restitution agreed to in paragraph 8B prior to sentencing, the payment will be applied as a credit against the restitution ordered pursuant to paragraph 8B.

I. Defendant agrees to send restitution payments to the IRS at the following address:

> IRS – RACS
> ATTN: Mail Sop 6261, Restitution
> 333 W. Pershing Avenue
> Kansas City, MO 64108

With each payment to the IRS, Defendant will provide the following information:
  i. Defendant's name and Social Security number;
  ii. The District Court and the docket number assigned to this case;
  iii. Tax year(s) or period(s) for which restitution has been ordered; and
  iv. A statement that the payment is being submitted pursuant to the District Court's restitution order.

J. Defendant agrees to send to the clerk of the District Court and to the U.S. Attorney's Office financial litigation unit notice of payments sent directly to the IRS, at the following addresses:

| U.S. Clerk of Court        | U.S. Attorney's Office             |
| 400 S. Phillips Avenue     | Financial Litigation Unit          |
| Sioux Falls, SD  57104     | 325 S. First Avenue, Suite 300     |
|                            | Sioux Falls, SD  57104             |

K. A failure to send payments to the specific IRS address set forth in paragraph above, or a failure to include all of the information listed above in paragraph above, may result in a delay in the application of

the payment or result in the IRS applying the payment in the best interests of the United States, including application to taxes or periods other than those identified in paragraph 8B.

Defendant acknowledges and agrees that the amount of restitution is not restricted to the amount alleged in the count to which the Defendant is pleading guilty and may include losses arising from charges not prosecuted as well as other relevant conduct associated with the Defendant's criminal conduct. The parties specifically agree that the Court has the authority to enter this order of restitution because it has been "agreed to by the parties in a plea agreement," pursuant to 18 U.S.C. § 3663(a)(3).

**9.     MONETARY OBLIGATIONS – DEFENDANT'S ONGOING DUTY:** The Defendant agrees, if requested by the United States, to promptly return an executed Authorization to Release Financial Records and Documents, an executed Authorization to Release Tax Returns and Attachments, current earnings statements, copies of his W-2s, and an executed Financial Statement. The Defendant understands that this is an ongoing duty which begins upon execution of this plea agreement and continues until such time as payment of any financial obligation is remitted in full.

The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of any financial obligations imposed as part of the sentence in this case. The Defendant expressly authorizes the United States Attorney's Office to obtain credit reports on him prior to judgment.

The Defendant also agrees that if he is incarcerated, he will participate in the Bureau of Prisons' Inmate Financial Responsibility Program during any period of incarceration in order to pay any financial obligations ordered by the Court. The Defendant's agreement to participate in the Inmate Financial Responsibility Program does not limit the United States' right to pursue collection from other available sources. If there is no period of incarceration ordered, the Defendant agrees that payment of any financial obligations ordered by the Court shall be a condition of probation.

**10. RESERVING THE RIGHT TO REBUT OR CLARIFY MITIGATION INFORMATION:** The United States reserves the right to rebut or clarify matters set forth in the presentence investigation report, or raised by the Defendant in mitigation of his sentence, with evidence and argument.

**11. NO FURTHER PROSECUTION:** The United States agrees that there will be no further federal criminal prosecution of the Defendant in the District of South Dakota based on the information and evidence now available to the United States regarding the Defendant's involvement with additional taxes owed for 2009 through 2014, and the offense charged in the Information.

**12. BASIS FOR PLEA OF GUILTY:** The Defendant agrees that the statement of facts, signed by the parties and incorporated herein by this reference, provides the basis for his guilty plea in this case, and is a true and accurate statement of his actions or omissions with regard to the charges to which he is entering a plea, and that the Court may rely thereon in determining the basis for his plea of guilty as provided for in this Plea Agreement.

**13. WAIVER OF SPEEDY TRIAL:** The Defendant agrees to waive any rights to a speedy trial under either the United States constitution or the Speedy Trial Act. This waiver is necessary so that the Court will have the benefit of all relevant information at sentencing.

**14. PARTIES BOUND:** It is further understood and agreed that this agreement is limited to the United States Attorney's Office for the District of South Dakota, and that this agreement cannot and does not bind other federal, state, or local prosecuting authorities.

**15. SCOPE OF AGREEMENT:** This agreement shall include any attachments, exhibits or supplements designated by the parties. It is further understood and agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement, and this agreement supersedes any earlier or other understanding or agreement.

**16. WAIVER OF DEFENSES AND APPEAL RIGHTS:** The Defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a).

## SUPPLEMENT TO PLEA AGREEMENT

The United States will file a Supplement to Plea Agreement, which is required to be filed in every case in compliance with the Court's Standing Order.

RONALD A. PARSONS, JR.
United States Attorney

December 30, 2020
Date

Jeffrey C. Clapper
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone: (605)357-2351
Facsimile: (605)330-4410
E-Mail: Jeff.Clapper@usdoj.gov

APPROVED:
RONALD A. PARSONS, JR.
United States Attorney
By:

DENNIS R. HOLMES
Chief, Criminal Division

11-25-2020
Date

Dean Minnerath
Defendant

11-30-2020
Date

Clint L. Sargent
Attorney for Defendant

[11]